IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRONOS TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1538 (LPS) |
| | ) |
| EXPEDIA, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**DEFENDANT EXPEDIA, INC.'S ANSWER TO PLAINTIFF CRONOS TECHNOLOGIES, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Expedia, Inc. ("Expedia") files this Answer to Plaintiff Cronos Technologies, LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint"). Expedia denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**NATURE OF THE ACTION**

1. Expedia admits that this is an action for patent infringement that purports to arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Expedia also admits that United States Patent No. 5,664,110 (the "'110 Patent") is entitled "Remote Ordering System," and that a copy of the '110 Patent was attached as Exhibit A to the Complaint. Except as expressly admitted, Expedia denies the allegations in Paragraph 1 of the Complaint.

**PARTIES**

2. Expedia lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 2 of the Complaint and therefore denies the same.

3. Expedia lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 3 of the Complaint and therefore denies the same.

4. Expedia admits that it is a corporation organized under the laws of Delaware and that it was served with process in this matter. Expedia, Inc. (DE) denies that it does business through the www.expedia.com website and states that it was erroneously named in this lawsuit. Expedia, Inc. (DE) is a holding company and is not the operating entity that does business through the www.expedia.com website. Except as expressly admitted, Expedia denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Expedia admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and that this Court has subject matter jurisdiction over the subject matter of the Complaint. Except as expressly admitted, Expedia denies the allegations in Paragraph 5 of the Complaint.

6. Expedia, Inc. (DE) denies that it is subject to personal jurisdiction in the State of Delaware. Expedia, Inc. (DE) is a holding company that has been erroneously named as a party to this action.

7. Expedia denies the allegations in Paragraph 7 of the Complaint.

8. Expedia denies the allegations in Paragraph 8 of the Complaint.

## COUNT I
### ([Alleged] Infringement of U.S. Patent No. 5,664,110)

9. Expedia admits that the '110 Patent appears on its face to have been issued on September 2, 1997. Expedia lacks knowledge or information sufficient to confirm or deny the remaining allegations of Paragraph 9 of the Complaint and therefore denies the same.

10. Expedia denies the allegations in Paragraph 10 of the Complaint.

11. Expedia denies the allegations in Paragraph 11 of the Complaint.

12. Expedia denies the allegations in Paragraph 12 of the Complaint.

13. Expedia denies the allegations in Paragraph 13 of the Complaint.

14. Expedia denies the allegations in Paragraph 14 of the Complaint..

15. Expedia denies the allegations in Paragraph 15 of the Complaint.

## JURY DEMAND

16. Plaintiff's demand for jury trial does not require a response by Expedia.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

17. Expedia denies that Plaintiff is entitled to any relief whatsoever, including the relief requested by Plaintiff in its Prayer for Relief and subparagraphs A-H thereto.

## DEFENSES

18. Expedia's Defenses are listed below.  Expedia reserves the right to amend its answer to add additional Defenses, including instances of inequitable conduct consistent with the facts discovered in the case.

## FIRST DEFENSE

19. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

20. Expedia does not infringe and has not infringed any valid claim of the '110 Patent under any theory including directly, indirectly, or under the doctrine of equivalents.

## THIRD DEFENSE

21. The '110 Patent is invalid because the alleged invention fails to satisfy one or more of the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, 112 and/or 116.  For example, among other things, the '110 Patent is invalid for the reasons set forth in the Petition for Covered Business Method Review filed on August 21, 2013, which is incorporated by reference under Fed. R. Civ. P. 10(c).  *See In re CBM Review of U.S. Patent No. 5,664,110*, Trial No. CBM2013-00048, U.S. Patent Trial & Appeal Board.

**FOURTH DEFENSE**

22.     Plaintiff's claims are barred by the doctrines of laches, waiver, acquiescence, unclean hands and estoppel.

**FIFTH DEFENSE**

23.     Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Expedia, pursuant to 35 U.S.C. § 285.

**SIXTH DEFENSE**

24.     Plaintiff's claims for damages for alleged infringement are barred in whole or in part to the extent that Plaintiff failed to mark pursuant to 35 U.S.C. § 287.

**SEVENTH DEFENSE**

25.     Plaintiff is estopped from asserting that Expedia infringes any valid claim of the asserted patents because of positions and arguments made to the United States Patent and Trademark Office.

**PRAYER**

Expedia respectfully requests a judgment against Plaintiff as follows:

    A.     that the '110 Patent is not infringed by Expedia;

    B.     that the '110 Patent is invalid and/or unenforceable;

    C.     that Plaintiff take nothing by reason of the Complaint and that the Complaint be dismissed with prejudice;

    D.     that the Court award Expedia the cost of this suit, including the cost of defending against Plaintiff's claims;

    E.     that the Court declare this an exceptional case under 35 U.S.C. § 285 and award Expedia its reasonable attorneys' fees; and

  F.  that the Court grant such further relief as the Court may deem just and proper.

            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

            */s/ Julia Heaney*
            Jack B. Blumenfeld (#1014)
            Julia Heaney (#3052)
            Regina S.E. Murphy (#5648)
            1201 N. Market Street
            P.O. Box 1347
            Wilmington, DE  19899-1347
            (302) 658-9200
            jblumenfeld@mnat.com
            jheaney@mnat.com
            rmurphy@mnat.com
             *Attorneys for Expedia, Inc.*

OF COUNSEL:

John M. Jackson
Nathaniel (Nate) St. Clair II
Matthew C. Acosta
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, TX  75202
(214) 953-6000

David Folsom
JACKSON WALKER L.L.P.
6002 Summerfield, Suite B
Texarkana, TX  75503
(903) 255-3250

October 28, 2013
7732205

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 28, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                                                *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
  *Attorneys for Plaintiff*

*/s/ Julia Heaney*
Julia Heaney (#3052)