IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1538-LPS |
| | ) | |
| EXPEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1541-LPS |
| | ) | |
| PRICELINE.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1544-LPS |
| | ) | |
| TRAVELOCITY L.P., | ) | |
| | ) | |
| Defendant. | ) | |

Richard D. Kirk, Stephen B. Brauerman, Vanessa R. Tiradentes, Sara Bussiere, BAYARD, P.A., Wilmington, DE
Larry C. Russ, Alexander C.D. Giza, Shani M. Tutt, Paul A. Kroeger, Brian D. Ledahl, RUSS, AUGUST & KABAT, Los Angeles, CA

     Attorneys for Plaintiff Cronos Technologies, LLC

Jack B. Blumenfeld, Regina Murphy, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE
John M. Jackson, Nathaniel (Nate) St. Clair II, Matthew C. Acosta, JACKSON WALKER L.L.P., Dallas, TX
David Folsom, JACKSON WALKER L.L.P., Texarkana, TX

Attorneys for Defendants Expedia Inc., priceline.com Inc., and Travelocity.com L.P.

---

## MEMORANDUM OPINION

September 8, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

Defendants Expedia, Inc. ("Expedia"), Travelocity.com L.P. ("Travelocity"),

priceline.com Incorporated (n/k/a The Priceline Group Inc.), and priceline.com LLC

("priceline.com") filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil

Procedure 12(c) seeking to invalidate certain claims of U.S. Patent No. 5,664,110 (the "'110

patent") for being directed to patent-ineligible subject matter. (C.A. No. 13-1538 D.I. 26; C.A.

No. 13-1541 D.I. 27; C.A. No. 13-1544 D.I. 26)[1] For the reasons discussed below, the Court will

deny Defendants' motion without prejudice to renew at a later point in the case.

## BACKGROUND

The '110 patent, entitled "Remote Ordering System," was filed on December 8, 1994 and

issued on September 2, 1997. (D.I. 1-1) The patent generally discloses methods and systems for

remote ordering of products using:

> a central computer (e.g., web server) facilitating remote
> communications between a user device and one of a plurality of
> merchant databases, unique product codes associated with user-
> interpretable product information (e.g. pricing and availability),
> and user and/or merchant identifiers, which allow the user to create
> an order list of items and interactively update the product
> information for the items in said list.

(D.I. 35 at 1-2)

On September 4, 2013, Cronos Technologies, LLC ("Plaintiff" or "Cronos") filed suit

against Defendants alleging infringement of certain claims of the '110 patent. (D.I. 1) Although

the pending motion was filed prior to claim construction, the Court has now conducted a claim

---

[1]Unless otherwise specified, all docket citations in the remainder of this Opinion are to
C.A. No. 13-1538-LPS.

construction hearing and has issued its *Markman* opinion. (*See* D.I. 86) During the *Markman*

hearing the parties also argued their positions on patent eligibility. (*See* D.I. 82 ("Tr.") at 4-23)

## LEGAL STANDARDS

### Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the

pleadings "[a]fter pleadings are closed – but early enough not to delay trial." When evaluating a

motion for judgment on the pleadings, the Court must accept all factual allegations in a

complaint as true and view them in the light most favorable to the non-moving party. *See*

*Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); *see also Maio v. Aetna, Inc.*, 221

F.3d 472, 482 (3d Cir. 2000). This is the same standard as applies to a Rule 12(b)(6) motion to

dismiss. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no

material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

law." *Rosenau*, 539 F.3d at 221. "The purpose of judgment on the pleadings is to dispose of

claims where the material facts are undisputed and judgment can be entered on the competing

pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v.*

*Nexus Med., LLC*, 541 F.Supp.2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral

to pleadings may be considered in connection with Rule 12(c) motion). "The issue is not

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." *Burlington Coat Factory*, 114 F.3d at 1420. Thus, a court may grant a

motion for judgment on the pleadings (like a motion to dismiss) only if, after "accepting all well-

pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

The Court may consider matters of public record as well as authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). The Court may also take judicial notice of the factual record of a prior proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988). Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe*, 938 F.2d at 428.

The ultimate question of patent eligibility is an issue of law, making it an appropriate basis for a Rule 12(c) motion. *See In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008), *aff'd* 561 U.S. 593 (2010). The Federal Circuit has affirmed District Courts that have granted motions for judgment on the pleadings based on § 101 challenges. *See, e.g.*, *OIP Technologies, Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1360 (Fed. Cir. 2015); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014).

**Lack of Patentable Subject Matter**

Under 35 U.S.C. § 101, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." There are three exceptions to § 101's broad patent-eligibility principles: "laws of nature, physical phenomena, and abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980). Pertinent here is the third category, "abstract ideas," which "embodies the longstanding rule that an idea of

3

itself is not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (internal quotation marks omitted). "As early as *Le Roy v. Tatham*, 55 U.S. 156, 175 (1852), the Supreme Court explained that '[a] principle, in the abstract, is a fundamental truth; an original cause; a motive; these cannot be patented, as no one can claim in either of them an exclusive right.' Since then, the unpatentable nature of abstract ideas has repeatedly been confirmed." *In re Comiskey*, 554 F.3d 967, 977-78 (Fed. Cir. 2009).

In *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012), the Supreme Court set out a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. First, courts must determine if the claims at issue are directed at a patent-ineligible concept. *See id.* If so, the next step is to look for an "'inventive concept' – *i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.*

## DISCUSSION

Defendants' motion challenges the patent eligibility of asserted independent method claim 22 and its dependent (and also asserted) claims 24, 26-28, 30-32, 34, 41-42, and 44. (D.I. 27 at 2) Yet Defendants' analysis – in briefing as well as during oral argument – is directed almost exclusively to claim 22, which Defendants contend is representative of all the asserted claims.

There are several considerations relevant to deciding a Rule 12 motion that challenges the patent eligibility of multiple patent claims based on analysis of a single representative claim.

4

First, are all non-representative claims adequately represented by the representative claim (i.e., do *all* of the challenged claims relate to the *same* abstract idea and do any of the non-representative claims add one or more inventive concepts that would result in patent eligibility)?[2] Second, are there issues of claim construction that must be decided before resolving the motion? Finally, is there *any* set of facts that could be proven relating to preemption,[3] questions of patentability,[4] or whether the claims "solve a technological problem,"[5] that would result in a determination that one or more of the claims are patent-eligible? Answering these inquiries in connection with the pending motion leads the Court to conclude that the motion should be denied without prejudice to Defendants having the opportunity to raise the § 101 issue at a later stage of the proceedings.

First, Defendants have not adequately articulated why each of claim 22's dependent claims relates to the same abstract idea purportedly embodied by claim 22; nor have they adequately explained why each of the dependent claims fails to include an inventive concept. To the contrary, Defendants propose at least four different versions of the abstract idea to which the

---

[2]*See Alice*, 134 S. Ct. at 2359-60 (2014) (finding 208 claims patent-ineligible based on analysis of one representative claim).

[3]As the Supreme Court articulated in *Alice*, the focus of the second step of the *Mayo* test is whether the claims "'*disproportionately* t[ie] up the use of the underlying' ideas." 134 S.Ct. at 2354 (quoting *Mayo*, 132 S.Ct. at 1294) (emphasis added). This is the "preemption" concern that the Supreme Court referred to in *Alice*.

[4]The Federal Circuit has encouraged District Courts to evaluate "considerations analogous to those of [35 U.S.C.] §§ 102 and 103" as part of a "pragmatic analysis of § 101" at the motion to dismiss stage. *See Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1347 (Fed. Cir. 2015). "Courts have found guidance in deciding whether the allegedly abstract idea (or other excluded category) is indeed known, conventional, and routine, or contains an inventive concept, by drawing on the rules of patentability." *Id.* These same principles would seem to apply as well to a motion for judgment on the pleadings.

[5]*See Alice*, 134 S. Ct. at 2358.

challenged claims are purportedly directed: (1) "creating, modifying, and ordering products from merchant product catalogues" (D.I. 27 at 5); (2) "ordering, and receiving a price check on, items listed in a product catalogue" (*id.* at 12); (3) "creating, modifying, and ordering *lists of* products from merchant catalogues" (D.I. 41 at 2) (emphasis added); and (4) "the full extent of the abstraction is exemplified by the chart on pages 6-8 of Defendants' opening brief [(D.I. 27)]" (*id.*).

Furthermore, Defendants provide no analysis whatsoever for dependent claim 31. In addition, Defendants' analysis for some of the other dependent claims is conclusory and unhelpful. (*See, e.g.*, D.I. 27 at 13) (concluding, without analysis, that "claims 27-28 simply add more abstract steps to claim 22") As there is no indication that the parties have agreed that claim 22 is representative for purposes of the Court's § 101 analysis, Defendants must provide at least *some* meaningful analysis for *each* of the challenged claims.[6]

Defendants have also failed to address the concepts embodied in claim 22 *as a whole*. *See Alice*, 134 S. Ct. at 2361 n.3 ("Because the approach we made explicit in *Mayo* considers all claim elements, both individually and in combination, it is consistent with the general rule that patent claims must be considered as a whole.") (internal quotation marks omitted). Instead, Defendants have engaged in a piecemeal analysis of the individual limitations of claim 22. (*See, e.g.*, D.I. 27 at 6-8)

Turning to the consideration of claim construction, here the Court has already construed the disputed terms. (*See* D.I. 86) Since the Court's claim constructions are now part of the law

---

[6]Such analysis could address multiple claims at the same time but should include more than mere legal conclusions combined with quotations of the claim language.

of the case, they generally need to be applied at all further stages of the case, including with respect to any analysis of patent eligibility. *See generally ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 891 (Fed. Cir. 2015) (holding that District Court's claim construction of patent before reissue was part of "law of the case" and should apply to subsequent proceedings post-reissue). Yet neither side has briefed the § 101 issues here under the Court's actual claim constructions.[7]

With respect to the third consideration – whether there is *any* set of facts that could be proven that would result in the challenged claims being patent-eligible – the Court cannot say at this time that there is no such set of facts. *See Accenture Global Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) ("Patent eligibility under §101 presents an issue of law that . . . may contain underlying factual issues."). There may be a set of facts related to preemption, questions of patentability, and/or whether claim 22 (and its dependent claims) are directed to a technological improvement rather than a generic computer implementation of an abstract idea that prevents the Court from determining that the challenged claims are patent-ineligible. The briefing and evidence now before the Court are not adequate to permit a definitive answer to these questions at this stage.[8]

---

[7]Defendants contend that the claims are ineligible for patentability even applying all of Plaintiff's proposed constructions. (*See* D.I. 27 at 8) Sometimes undertaking such an analysis will be a wise approach and may promote efficient resolution of the case. Here, however, for reasons including (but not limited to) the fact that the Court has already construed all of the disputed claim terms and did *not* adopt all of Plaintiff's proposals, the Court believes the better use of its limited resources will be to assess patentability using the actual constructions that apply to the case.

[8]The parties all take the view that any underlying disputed facts need to be proven by Defendants by clear and convincing evidence. (*See* Tr. 4-5, 12-13)

## CONCLUSION

Accordingly, the Court will deny Defendants' motion for judgment on the pleadings without prejudice. Defendants may press their § 101 challenge to the asserted claims at a later stage of these proceedings, such as on a motion for summary judgment. An appropriate Order follows.