IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1538-LPS |
| | ) | |
| EXPEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1541-LPS |
| | ) | |
| PRICELINE.COM, INCORPORATED | ) | |
| (n/k/a THE PRICELINE GROUP INC.) and | ) | |
| PRICELINE.COM LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1544-LPS |
| | ) | |
| TRAVELOCITY.COM L.P., | ) | |
| | ) | |
| Defendant. | ) | |

Richard D. Kirk, Stephen B. Brauerman, Vanessa R. Tiradentes, Sara Bussiere, BAYARD, P.A., Wilmington, DE

Larry C. Russ, Adam S. Hoffman, Shani M. Tutt, Paul A. Kroeger, Brian D. Ledahl, RUSS, AUGUST & KABAT, Los Angeles, CA

Attorneys for Plaintiff Cronos Technologies, LLC

Jack B. Blumenfeld, Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

John M. Jackson, Nathaniel (Nate) St. Clair II, Matthew C. Acosta, JACKSON WALKER L.L.P., Dallas, TX
David Folsom, JACKSON WALKER L.L.P., Texarkana, TX

> Attorneys for Defendants Expedia, Inc., Priceline.com, Inc., Priceline.com LLC, and Travelocity.com L.P.

---

### **MEMORANDUM ORDER**

At Wilmington this **21st** day of **March, 2016**:

Having reviewed the parties' briefing (D.I. 142, 146, 150)[1] and related filings addressing

Defendants Expedia, Inc., Priceline.com, Inc., Priceline.com LLC, and Travelocity.com L.P.'s

("Defendants") Joint Motion to Stay Proceedings (D.I. 141) ("Motion") pending *ex parte*

reexamination of U.S. Patent No. 5,664,110 ("'110 patent") in the United States Patent and

Trademark Office ("PTO"), **IT IS HEREBY ORDERED** that, for the reasons stated below,

Defendants' Motion is **DENIED**.

1.      Defendants move to stay their respective cases pending *ex parte* reexamination of

the '110 patent. (D.I. 142 at 1)  The PTO granted Defendants' reexamination request on

November 10, 2015.  (*See* D.I. 146 at 4)  On March 2, 2016, the PTO issued a non-final office

action rejecting all claims of the '110 patent that are asserted in the above-captioned cases. (*See*

D.I. 160 at 2; D.I. 161 at 1)

2.      Whether or not to stay litigation pending a PTO reexamination is a matter left to

the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998).  In

---

[1] All docket citations are to C.A. No. 13-1538.  Identical filings were submitted by the parties in all of the above-captioned cases.

exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g.*, *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010).

      3.      As to the first factor, whether a stay will simplify the issues, the Court finds that, on the whole and in the circumstances presented here, the simplification of issues factor neither favors nor disfavors a stay. *See Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, 2011 WL 5523315, at *2-3 (D. Del. Nov. 14, 2011) (finding simplification factor to be neutral). The '110 patent is expired, and all claims for which there is a final determination of invalidity by the PTO will be cancelled. (*See id.* at 1, 5-6) Therefore, there is at least a potential for significant simplification of issues in this case. However, if the PTO does not invalidate all of the asserted claims, significant issues will remain to be resolved, including issues of infringement, as well as invalidity defenses which will not be addressed by the PTO (e.g., Defendants' §§ 101 and 112 defenses and §§ 102 and 103 defenses based on prior art that will not be considered by the PTO). "Because the issues left for trial do not completely overlap those that are to be resolved upon reexamination, yet each of the claims of the patents in suit are under reexamination, this factor neither favors nor disfavors a stay." *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010).

      4.      The second factor, whether discovery is complete and whether a trial date has

2

been set, disfavors a stay. As noted by Plaintiff, the reexamination proceedings are still at an

early stage. (*See* D.I. 146 at 4, 9; D.I. 161 at 1) "No final rejection has been issued, and there is

no argument scheduled before the Board of Patent Appeals and Interferences. The status of the

reexamination weighs against a stay." *Vehicle IP*, 2010 WL 4823393, at *2. As of the filing of

the motion, a trial date had been set (*see* D.I. 157 (setting trial date of August 22, 2016)), fact

discovery was complete (*see* D.I. 14 at 4 (setting discovery cut-off date of July 31, 2015)), and

the parties had exchanged expert reports (*see* D.I. 142 at 2). At this point, expert discovery is

complete and last week the parties' filed their case dispositive motions and *Daubert* motions.

Given the resources already expended by both sides and the Court in this case, the stage of the

case weighs against granting a stay.

5.      Finally, considering the third factor, Defendants' delay in requesting *ex parte*

reexamination results in a situation in which a stay would be unduly prejudicial to Plaintiff and

would present Plaintiff a clear tactical disadvantage. "Given the early stage of the reexamination,

and the average length it takes to complete a reexamination (including appeals), it follows that

the stay, if granted, would almost certainly last many years. Resuming this litigation after a

protracted stay would likely raise issues with stale evidence, faded memories, and lost

documents." *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *4 (D. Del. Dec.

13, 2010). Although Plaintiff's status as a non-practicing entity reduces the prejudice it would

suffer from a stay (*see* D.I. 142 at 11), "staying a case pending PTO review risks prolonging the

final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff."

*Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *2 (D. Del. July 2, 2013). "A

request for reexamination made well after the onset of litigation followed by a subsequent

3

request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010).  Moreover, Defendants will not be estopped from raising the same invalidity defenses raised during reexamination in later District Court proceedings.  Thus, Defendants could potentially be permitted "two bites at the apple" using the same invalidity arguments in both fora.

6.     Weighing the pertinent factors, the Court concludes that they do not favor granting the requested stay.  Accordingly, Defendants' Motion (C.A. No. 13-1538 D.I. 141; C.A. No. 13-1541 D.I. 148; C.A. No. 13-1544 D.I. 141) is **DENIED**.

HON.  LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4