## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1538-LPS |
| | ) | |
| EXPEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1541-LPS |
| | ) | |
| PRICELINE.COM, INCORPORATED | ) | |
| (n/k/a THE PRICELINE GROUP INC.) and | ) | |
| PRICELINE.COM LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CRONOS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1544-LPS |
| | ) | |
| TRAVELOCITY.COM L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington this **15th** day of **August, 2016**:

Having reviewed the parties' letter briefs regarding supplemental expert discovery (D.I.

260, 262, 265, 268)[1] and associated filings, **IT IS HEREBY ORDERED** that Defendants

Expedia, Inc., priceline.com, Incorporated (n/k/a The Priceline Group, Inc.), priceline.com, LLC,

and TVL LP's (f/k/a Travelocity.com LP) ("Defendants") motion for summary judgment of

non-infringement (D.I. 170) ("Motion") is **GRANTED**, for the reasons already stated in the

Court's Memorandum Opinion of July 22, 2016 (D.I. 242) and for the additional reasons given

below.

Defendants' Motion seeks summary judgment that Defendants do not infringe any of the

asserted claims of U.S. Patent No. 5,664,110 ("'110 patent").[2] Each of the asserted claims

includes either the term "item code" or "identifying code." On July 22, 2016, the Court

construed the terms "item code" and "identifying code" to both mean "a code corresponding to a

purchasable product, or group of products, that is distinct from the user-discernable

representation of the product or group of products." (D.I. 242 at 7-14)

On July 26, 2016, the Court ordered the parties to conduct supplemental expert discovery

to permit the parties' experts to apply the Court's new claim constructions as part of an

infringement/non-infringement analysis of Defendants' accused products. (D.I. 250)

Pursuant to the Court's July 26 Order, the parties exchanged supplemental expert reports

(D.I. 258, 259) and submitted letter briefs including argument related to the supplemental

discovery (D.I. 260, 262, 265, 268).

Cronos Technologies, LLC ("Plaintiff") argues that information entered into search fields

by users on Defendants' websites constitutes item codes or identifying codes as claimed in the

---

[1] All docket citations are to C.A. No. 13-1538.

[2] The asserted claims are claims 1, 3, 8, 10, 14, 16, 17, 22, 26, 30, 31, 41, and 42.

asserted claims. (D.I. 262 at 1)  Plaintiff also argues that user-inputted search parameters

infringe under the doctrine of equivalents. (*Id.* at 2-3)  Plaintiff cites its expert's supplemental

testimony in support of these arguments. (*See, e.g., id.* at 1) (citing Supplemental Expert Report

of Dr. V. Thomas Rhyne, D.I. 262-1 Ex. A ¶ 5 ("In my opinion, the information input by the

customer into the search fields collectively constitutes an 'item code' under the Court's

construction."))

Defendants respond that the purported "codes" identified by Plaintiff's expert are not

item codes or identifying codes because user-discernable search parameters cannot be "codes" as

construed by the Court and as understood in the context of '110 patent.  The Court agrees with

Defendants.

No reasonable jury could find that Defendants' accused systems infringe the asserted

claims of the '110 patent because the search parameters identified by Plaintiff are user-

discernable representations of products or services offered on Defendants' systems and are not

item codes or identifying codes.  Plaintiff's argument under the doctrine of equivalents also fails

because, as argued by Defendants, the argument "vitiates the 'code' requirement entirely," as

construed by the Court. (*See* D.I. 260 at 2) (citing *Southco, Inc. v. Fivetech Tech. Inc.*, 611 F.

App'x 681, 686 (Fed. Cir. 2015))  The Court can – and does – reach these conclusions without

making any assessment of the parties' competing experts' credibility and by drawing all

reasonable inferences from the record evidence in the light most favorable to Plaintiff.

Accordingly, and for the additional reasons already articulated in the Court's

Memorandum Opinion of July 22 (D.I. 242), Plaintiff has failed to raise a genuine issue of

material fact and the Court will grant Defendants' Motion for summary judgment of non-

infringement.

**IT IS FURTHER ORDERED** that:

(1)      In light of the foregoing, the following motions are **DENIED** as moot:[3]

(a) Plaintiff's Motion for Partial Summary Judgment of No Invalidity and Dismissal of Certain Affirmative Defenses (D.I. 164),

(b) Plaintiff's Motion to Exclude Certain Testimony of Defendants' Experts (D.I. 167),

(c) Defendants' Motion for Summary Judgment of No Willfulness (D.I. 170),

(d) Defendants' Motion to Strike Certain Opinions of Dr. V. Thomas Rhyne (D.I. 170),

(e) Defendants' Motion for Partial Summary Judgment of Invalidity (D.I. 170), and

(f) Defendants' Motion to Strike and Exclude the Expert Opinions of Stephen Dell (D.I. 170).[4]

(2)      Defendants' Motion to Strike the Second Supplemental Declaration of Dr. V. Thomas Rhyne (D.I. 273) is **DENIED** as moot.  Even considering the entirety of Dr. Rhyne's second supplemental declaration (D.I. 266), the Court has decided to grant Defendants' Motion

---

[3]During a teleconference on July 25, 2016, the parties agreed that all pending summary judgment and *Daubert* motions would be moot if the Court were to grant Defendants' motion for summary judgment of non-infringement, as the Court has now done. (*See* D.I. 255 at 9-11, 13-14)

[4]To the extent Defendants have moved separately under alternative theories of non-infringement that the Court has not addressed in this Order or in the Court's Memorandum Opinion of July 22, these motions (D.I. 170) are also **DENIED** as moot.

for summary judgment of non-infringement.

    (3)     The pretrial conference and trial scheduled in this matter are **CANCELLED**.

    (4)     No later than August 17, 2016, the parties shall meet and confer and submit a

proposed order of final judgment consistent with the rulings contained in the instant Order.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

5